```
1  BINGHAM McCUTCHEN LLP
   JAMES B. LEWIS (SBN 71669)
2  FABIO E. MARINO (SBN 183825)
   CAROLYN CHANG (SBN 217933)
3  1900 University Avenue
   East Palo Alto, CA  94303-2223
4  Telephone:  650.849.4400
   Facsimile:  650.849.4800
5
   Attorneys for Defendant,
6  Akamai Technologies, Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CABLE & WIRELESS INTERNET SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKAMAI TECHNOLOGIES, INC. and SOCKEYE NETWORKS, INC., <br><br> Defendants. | No. CV-02-3708 (CRB) <br><br> STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF CABLE & WIRELESS INTERNET SERVICES, INC. AND DEFENDANT AKAMAI TECHNOLOGIES, INC. AND DEFENDANT SOCKEYE NETWORKS, INC. |

## STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL MATERIALS

Plaintiff Cable & Wireless Internet Services, Inc. ("CWIS") and Defendant Akamai Technologies, Inc. ("Akamai") and Defendant Sockeye Networks, Inc. ("Sockeye") hereby stipulate pursuant to Fed. R. Civ. P. 26(c), subject to the approval of the Court, to the entry of a protective order in the above-captioned action as follows:

1.     A party or nonparty may designate as confidential, in whole or in part, any document, thing, or information (collectively "material") which contains confidential

information and which is to be disclosed to a party in this action. Confidential information shall not include any information that: (a) is or becomes publicly available without the receiving party's breach of any obligation owed to the disclosing party or nonparty, (b) is or becomes known to the receiving party from a source other than the disclosing party or non-party (other than by the breach of an obligation of confidentiality owed to the disclosing party or nonparty), or (c) is independently developed by the receiving party.

2. Such designation of confidentiality shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

3. Three levels of confidentiality are provided herein, and the marking shall be chosen from one of the following markings as appropriate:

(a) "CONFIDENTIAL"; and/or

(b) "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY"; and/or

(c) "HIGHLY CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY".

As used herein, these three levels of confidentiality are collectively referred to as the CONFIDENTIALITY MARKINGS.

4. A party or nonparty may designate material as CONFIDENTIAL, in whole or in part, if the material constitutes or contains confidential information as limited above. A party or nonparty may designate as CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY only material which constitutes or contains, in whole or in part, information which the party reasonably believes will harm its competitive position if it becomes known to a party other than the producing party. A party may designate only the following materials as HIGHLY CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY: (a) materials which relate to future product or service offerings; and (b) materials the designating party reasonably believes

1  constitutes or discloses trade secrets relating to current products or service offerings, which
2  materials the disclosing party reasonably believes could be inadvertently disclosed by the
3  receiving party during patent application and prosecution activities before the United States
4  Patent and Trademark Office ("PTO"), and thus provide a competitive advantage to the receiving
5  party.
6      5.   In lieu of marking the original of a document or other material prior to inspection,
7  the producing party or nonparty or its counsel may orally designate any document or other
8  material being produced for inspection by a party or counsel for a party as being subject to one or
9  more of the CONFIDENTIALITY MARKINGS, thereby making it, and the information it
10 contains, temporarily subject to this Order. However, each copy of such document or other
11 material subsequently delivered to the inspecting party or counsel must be marked with one or
12 more of the CONFIDENTIALITY MARKINGS as required by this Order at the time it is so
13 delivered in order to make the document and copies subject to this Order. All documents shall be
14 deemed temporarily subject to this Order as if marked CONFIDENTIAL for ten (10) business
15 days from such delivery, unless otherwise agreed by the parties on a case by case basis, to permit
16 the producing party or nonparty to correct any inadvertent failure to so mark delivered
17 documents.
18      6.   Access to material designated with one or more of the CONFIDENTIALITY
19 MARKINGS under this Protective Order shall be limited as follows:
20          A.   Subject to paragraph 6(D) below, and any further order of the Court.
21 access to material designated CONFIDENTIAL and to any portion of any transcript, brief,
22 affidavit, memorandum or other paper that contains or reveals material so designated, shall be
23 limited to:
24              i.   outside counsel of record for the parties, including their partners
25 and associates who assist them in this matter;
26              ii.  two in-house counsel for each of the parties;

          iii.    the employees of such counsel of record or in-house counsel (including technical advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties;

          iv.    employees of the parties actually assisting counsel of record or in-house counsel in preparation of this case;

          v.    non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

          a)    Counsel for any party proposing any such person shall submit to outside counsel of record for other parties (and for any nonparty which has designated material under this Protective Order) a copy of an Undertaking, in the form attached as Exhibit A, signed by such person, a current resume or curriculum vitae for such person and a full description of his or her employment for the previous 10 years. The original of each such Undertaking shall be maintained by counsel proposing the expert;

          b)    Unless any other counsel shall notify proposing counsel of its objection to such proposed person, and the basis therefor, within ten (10) business days after the receipt of a copy of the Undertaking referred to in subparagraph (a) above, such person shall thereafter be deemed a qualified recipient entitled to receive material pursuant to the terms and conditions of the Protective Order; and

          c)    Should any counsel timely notify proposing counsel of its objection to such proposed person and of the basis for its objection, proposing counsel shall not disclose material designated under this Protective Order to such proposed person. There shall be a reasonable basis for such objection. Nothing contained herein shall preclude proposing counsel from seeking leave of this Court to permit such person to receive material under this Protective

1  Order in accordance with the terms and conditions of this Protective Order;

2      vi.    court reporters involved in transcribing depositions or other
3  proceedings in this litigation, and videographers involved in recording depositions, provided that
4  they agree to be subject to the terms of this Order and provided that they are provided
5  information designated CONFIDENTIAL only to the extent necessary to perform their duties;

6      vii.    outside vendors who specialize in the business of microfiching,
7  photocopying, computer classification, or similar clerical functions, but only for so long as
8  necessary to perform those services;

9      viii.    the Court;

10      ix.    Court personnel involved with this case; and

11      x.    members of the jury in this case.

12      B.    Subject to paragraph 6(D) below, and any further order of the Court,
13  access to material designated CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY and to any
14  portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or
15  refers to material so designated, shall be limited to:

16      i.    outside counsel of record for the parties, including their partners
17  and associates who assist them in this matter;

18      ii.    two in-house counsel for the parties to this action;

19      iii.    employees of such outside and in-house counsel (including
20  technical advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such
21  counsel in preparation of this case, provided, however, that such employees have access to
22  material designated CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY only to the extent
23  necessary to perform their duties;

24      iv.    non-party experts or consultants, including their secretarial and
25  clerical personnel, retained to assist counsel of record in this case who become qualified to
26  receive material designated under this Protective Order in accordance with the procedure of

paragraph 6(A)(v) above;

        v.    court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are provided information designated CONFIDENTIAL —FOR ATTORNEY'S EYES ONLY only to the extent necessary to perform their duties;

        vi.    outside vendors who specialize in the business of microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

        vii.    the Court;

        viii.    Court personnel involved with this case; and

        ix.    members of the jury in this case.

    C.    Subject to paragraph 6(D) below, and any further order of the Court, access to material designated HIGHLY CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

        i.    outside counsel of record for Akamai at Bingham McCutchen LLP, including their partners and associates who assist them in this matter, who submit declarations attesting they will not, for a period of one year following termination of this litigation (including all appeals), participate in, counsel anyone on, or bill time to matters relating to confidential information designated as HIGHLY CONFIDENTIAL – SELECTED OUTSIDE COUNSEL ONLY and disclosed by parties other than Akamai;

        ii.    outside counsel of record for Sockeye at O'Melveny & Myers LLP, including their partners and associates who assist them in this matter, who submit declarations attesting they will not, for a period of one year following termination of this litigation (including all appeals), participate in, counsel anyone on, or bill time to matters relating

1  to confidential information designated as HIGHLY CONFIDENTIAL – SELECTED OUTSIDE
2  COUNSEL ONLY and disclosed by parties other than Sockeye;

3     iii. outside counsel for CWIS at Preston, Gates & Ellis LLP who
4  submit declarations attesting they will not, for a period of one year following termination of this
5  litigation (including all appeals), participate in, counsel anyone on, or bill time to matters relating
6  to confidential information designated as HIGHLY CONFIDENTIAL – SELECTED OUTSIDE
7  COUNSEL ONLY and disclosed by parties other than CWIS;

8     iv. employees of such outside counsel (including technical advisors,
9  patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in preparation of
10 this case, provided, however, that such employees have access to material designated HIGHLY
11 CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY only to the extent necessary to
12 perform their duties;

13    v. non-party experts or consultants, including their secretarial and
14 clerical personnel, retained to assist counsel of record in this case who become qualified to
15 receive material designated under this Protective Order in accordance with the procedure of
16 paragraph 6(A)(v) above;

17    vi. court reporters involved in transcribing depositions or other
18 proceedings in this litigation, and videographers involved in recording depositions, provided that
19 they agree to be subject to the terms of this Order and provided that they are provided
20 information designated HIGHLY CONFIDENTIAL - SELECTED OUTSIDE COUNSEL
21 ONLY only to the extent necessary to perform their duties;

22    vii. outside vendors who specialize in the business of microfiching,
23 photocopying, computer classification, or similar clerical functions, but only for so long as
24 necessary to perform those services;

25    viii. the Court;

26    ix. Court personnel involved with this case; and

1            x.      members of the jury in this case.

2        D.      The designation of any document as CONFIDENTIAL or

3  CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL -

4  SELECTED OUTSIDE COUNSEL ONLY shall not preclude any party from showing the

5  material to any person (a) who appears as the author or as an addressee on the face of the

6  material and is not otherwise shown prior to such disclosure not to have received the material, or

7  (b) who has been identified by the designating party as having been provided with the material.

8            Nothing contained in this Order shall affect the right of the producing party to

9  disclose or use for any purpose the documents or information produced and/or designated by it as

10  CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or HIGHLY

11  CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY.

12       7.      Notwithstanding the designations of CONFIDENTIAL or CONFIDENTIAL -

13  FOR ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL - SELECTED OUTSIDE

14  COUNSEL ONLY, nothing in this Order shall be construed to prevent a party or nonparty from

15  seeking such further provisions regarding confidentiality as may be appropriate.

16       8.      If during the course of a deposition taken in this action any questions are to be

17  asked or any answers are to be given regarding confidential material, then only persons

18  designated in the appropriate sections of paragraph 6 above, the deponent (and the deponent's

19  counsel in the case of a separately represented nonparty), and the reporter and videographer shall

20  be allowed to be present during such portion of the deposition. This paragraph shall not be

21  deemed to authorize disclosure of any confidential material to any person to whom disclosure is

22  prohibited under this Protective Order.

23       9.      Any deponent or party attending a deposition may at the deposition designate the

24  deposition under one or more of the CONFIDENTIALITY MARKINGS, and request the

25  reporter to insert a statement regarding the confidentiality of the information into the deposition

26  transcript, or may have until twenty (20) days after receipt of the deposition transcript within

1    which to inform the parties, in writing, what specific portions of the transcript are designated

2    under one or more of the CONFIDENTIALITY MARKINGS. No such deposition transcript

3    shall be disclosed to any person other than appropriate persons described in paragraph 6 above

4    and the deponent (and the deponent's counsel in the case of a separately represented nonparty)

5    during these twenty (20) days, and no person attending such a deposition shall disclose the

6    contents of the deposition to any person other than those as described in paragraph 6 during said

7    twenty (20) days. Upon being informed that certain portions of a deposition are designated under

8    one or more of the CONFIDENTIALITY MARKINGS, each party shall cause each copy of the

9    transcript in its possession, custody or control to be so marked, to the extent not already marked

10    by the reporter. Upon expiration of the twenty (20) day period, any deposition transcript, or

11    portions of a deposition transcript designated under one or more of the CONFIDENTIALITY

12    MARKINGS under this paragraph, either at the time of the deposition or within the twenty (20)

13    day period for designation, shall be subject to all other paragraphs in this Order affecting

14    material so designated.

15         10.      Material designated under one or more of the CONFIDENTIALITY MARKINGS

16    as provided herein shall not be used or disclosed by any recipient for any purpose other than in

17    connection with the above-captioned action and shall not be disclosed by the recipient to anyone

18    other than those persons designated in the appropriate section of paragraph 6 above, unless and

19    until the restrictions herein are removed by Order of the Court or by written stipulation of the

20    parties and disclosing nonparty, subject to the approval of the Court.

21         11.      Inadvertent disclosure of confidential materials without identifying the same as

22    being subject to one or more of the CONFIDENTIALITY MARKINGS shall not be deemed a

23    waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of

24    confidentiality with regard to the information inadvertently disclosed. When the designating

25    party or nonparty learns of such error, it shall promptly provide all parties written notice of the

26    correct designation, and all recipients shall henceforth abide by such designation in accordance

1  with this Order. The designation of non-confidential materials as being subject to one or more of
2  the CONFIDENTIALITY MARKINGS shall not be admissible in any proceeding as evidence
3  that the material in fact contained confidential information.
4      12.     Nothing in this Order shall be construed to prevent a party to this action from
5  opposing the designation of materials as being subject to one or more of the
6  CONFIDENTIALITY MARKINGS at any time. A party opposing the designation of materials
7  under one or more of the CONFIDENTIALITY MARKINGS shall serve a written objection,
8  including a statement of the grounds for the objection, on the designating party or nonparty. The
9  designating party or nonparty will have ten (10) business days following the receipt of the
10 objection withdraw its CONFIDENTIAL designation, or to withdraw or modify its designation
11 of CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, or to withdraw or modify its
12 designation of HIGHLY CONFIDENTIAL — SELECTED OUTSIDE COUNSEL ONLY. If the
13 CONFIDENTIAL designation is not withdrawn, or if the CONFIDENTIAL - ATTORNEY'S
14 EYES ONLY designation is not withdrawn or modified as requested, or if the HIGHLY
15 CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY designation is not withdrawn or
16 modified as requested, the objecting party may move the Court for an order removing the
17 CONFIDENTIAL designation, and/or removing or modifying the CONFIDENTIAL -
18 ATTORNEY'S EYES ONLY designation, and/or removing or modifying the HIGHLY
19 CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY designation.
20     13.     Each recipient of material designated under one or more of the
21 CONFIDENTIALITY MARKINGS shall maintain such material in a secure, safe area and shall
22 exercise the same standard of care with respect to the storage, custody, use and dissemination of
23 such material as is exercised by the recipient with respect to its own confidential material.
24     14.     If information subject to a claim of attorney-client privilege or work-product
25 immunity is inadvertently produced, such production shall in no way prejudice or otherwise
26 constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for

1   such information. If a party has inadvertently produced information subject to a claim of
2   immunity or privilege, upon request the information for which a claim of inadvertent production
3   is made shall be returned promptly and, if an inadvertently produced document, all copies of that
4   document that may have been made shall be destroyed. The party returning such information
5   may move the Court for an Order compelling production of such information, but the motion
6   shall not assert as a ground for production the fact or circumstances of the inadvertent
7   production.
8          15.     A. All deposition transcripts, exhibits, answers to interrogatories, and other
9   documents filed with a Court pursuant to pretrial discovery in this action that have previously
10  been designated as being subject to one or more of the CONFIDENTIALITY MARKINGS, or
11  any pleading, brief, or memorandum reproducing or paraphrasing such material, shall be lodged
12  with the Court for filing in accordance with Civil L.R. 79-5.
13             B. The confidential portions of documents and things that are accepted for filing
14  under seal by the Court shall be treated in accordance with Civil L.R. 79-5(e).
15         16.    Within sixty (60) days after final determination of this action, all materials
16  designated under one or more of the CONFIDENTIALITY MARKINGS which have been
17  provided by a designating party or nonparty to a party during the course of this action, together
18  with all reproductions, copies, abstracts, indices or summaries of those materials, shall be
19  destroyed or delivered to counsel for the designating party or nonparty. Notwithstanding the
20  above, each outside trial counsel of the parties may retain one copy of material designated
21  CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, or HIGHLY
22  CONFIDENTIAL - SELECTED OUTSIDE COUNSEL ONLY to maintain a complete file of
23  the litigation.
24         17.    If material designated under one or more of the CONFIDENTIALITY
25  MARKINGS is disclosed to any person other than in the manner authorized by this Order, the
26  party responsible for the disclosure must immediately bring all pertinent facts relating to such

1  disclosure to the attention of the designating nonparty and all parties, and without prejudice to
2  the rights and remedies of the designating party or nonparty, make every effort to retrieve the
3  improperly disclosed material and to prevent further unauthorized disclosure on its own part and
4  further unauthorized use and disclosure on the part of the recipient of such information or
5  material.
6      18.   In the event that any material or information designated under one or more of the
7  CONFIDENTIALITY MARKINGS is used in any court proceeding in connection with this
8  litigation, it shall not lose its confidential status through such use, and the parties shall take all
9  steps reasonably required to protect its confidentiality during such use.
10     19.   In the event that any non-party shall be called upon, by a subpoena or otherwise,
11 to produce documents or information considered confidential by such non party, such non-party
12 may elect to have its documents and information protected under the terms of this Protective
13 Order by so notifying counsel for all parties in writing. Upon service of such notice, such non-
14 party may designate documents and other information as confidential in the manner set forth in
15 this Order. Such non-party's confidential information shall be treated in the same manner as
16 confidential information of a party to this action. In the event a non-party that has elected to be
17 governed by this Order is under subpoena issued by this Court or another court, such court shall
18 have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant
19 to this Order or to otherwise enforce the provisions of this Order regarding such non-party.
20     20.   All notices required by this Order are to be served via facsimile with confirmation
21 by regular mail to the appropriate attorney(s) at Bingham McCutchen LLP, O'Melveny & Myers
22 LLP, and Preston, Gates & Ellis LLP.  The date by which a party receiving a notice shall
23 respond, or otherwise take action, shall be computed from the date indicating that the facsimile
24 was transmitted.
25     21.   This Order shall remain in effect after the final determination of this action, unless
26 otherwise ordered by the Court.

DATED:  November 7, 2002

BINGHAM McCUTCHEN LLP

By: _____/s/ James B. Lewis_____ .
James B. Lewis
Attorneys for Defendant
Akamai Technologies, Inc.

DATED:  November 7, 2002

O'MELVENY & MYERS LLP

By: _____/s/ Mark E. Miller_____ .
Mark E. Miller
Attorneys for Defendant
Sockeye Networks, Inc.

DATED:  November 7, 2002

PRESTON, GATES & ELLIS LLP

By: _____/s/ Timothy P. Walker_____ .
Timothy P. Walker
Attorneys for Plaintiff
Cable & Wireless Internet Services, Inc.

1 **ORDER**

2     IT IS SO ORDERED.

3

4 DATED: December 3, 2002            _____/s/_____
                                                     Hon. Charles R. Breyer
                                                  United States District Judge

5                                                      Northern District of California

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   BINGHAM McCUTCHEN LLP
    JAMES B. LEWIS (SBN 71669)
2   FABIO E. MARINO (SBN 183825)
    CAROLYN CHANG (SBN 217933)
3   1900 University Avenue
    East Palo Alto, CA  94303-2223
4   Telephone:  650.849.4400
    Facsimile:  650.849.4800
5
    Attorneys for Defendant
6   Akamai Technologies, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

| 12 | CABLE & WIRELESS INTERNET SERVICES, INC., | No. CV-02-3708 (CRB) |
| 13 | | UNDERTAKING |
| 14 | Plaintiff, v. | |
| 15 | AKAMAI TECHNOLOGIES, INC. and SOCKEYE NETWORKS, INC., | |
| 16 | | |
| 17 | Defendants. | |

18

19   **UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER**
20   **REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS**

21          I, _____, having been retained as an _____ of _____

22   in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided

23   access to confidential information supplied by_____, as defined in the Protective Order

24   dated _____.

25          My address is _____. My present employer

26

| | |
|---|---|
| 1 | is _____. My present occupation or job description is _____. |
| 2 | Attached are a copy of my current resume or curriculum vitae and a full description of all my |
| 3 | employment for the previous 10 years. |
| 4 | I certify my understanding that the confidential information is being provided to |
| 5 | me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been |
| 6 | given a copy of and have read and understood my obligations under that Protective Order. I |
| 7 | hereby agree to be bound by the terms of the Order. I understand that the confidential |
| 8 | information and my copies or notes relating thereto may be disclosed to or discussed with only |
| 9 | those persons permitted by the Protective Order to receive such information. |
| 10 | I will return on request all materials containing confidential information, copies |
| 11 | thereof and notes that I have prepared relating thereto, to outside trial counsel for the party with |
| 12 | whom I am associated. |
| 13 | I hereby submit to the jurisdiction of this Court for the purpose of enforcement of |
| 14 | the Protective Order and waive any and all objections to jurisdiction and venue. |
| 15 | I declare under penalty of perjury under the laws of the United States of America |
| 16 | that the foregoing is true and correct. |
| 17 | |
| 18 | DATED: November \_\_, 2002          By: _____ |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

52092899.3/24094-0002                                  2

UNDERTAKING